Anderson, J.
delivered the opinion of the court.
This case is rather anomalous. It is a motion in a County court by the owner of land against a railroad company, to appoint commissioners to ascertain his just compensation for the lands through which the railroad passes, and which have been taken by the said railroad company for its purposes, and for damages, &c. The commissioners were appointed and reported, and on motion of the defendant, with consent of the plaintiff, the cause was removed to the Circuit court of the county in which it was depending.
The first question we will consider is as to the jurisdiction of the Circuit court. This case had been depending and undetermined in tbe County court for several years. The first section of chapter 174 (Code of 1860) provides that where any suit, motion, or other proceeding, has been depending in the County or Corporation *440 court more than a year, on motion of any party it shall, without notice, be removed to the Circuit court having jurisdiction over such county or corporation. The language is certainly broad enough to embrace this case.
Bul ü is argued that the statute gives the County courts exclusive jurisdiction to appoint the commissioners, and requires their report to be returned to that court. And that if good cause be shown against the report, or if the commissioners report their disagreement, or if they fail to report in a reasonable time, the court’(the County court) may, without further notice, as often as seems to it proper, appoint other commissioners, and the matter may be proceeded in as before prescribed. All these provisions, they say, are made with reference to the County court, and cannot originate in the Circuit court. It is true they cannot originate in the Circuit court. But if the legislature thought proper to pass another act authorizing, in express terms, the removal of such motion and proceeding from the County to the Circuit court for specified causes, surely such act could not be regarded as repugnant to the former. But such an act could not more clearly embrace this case than the language which is used, to wit: “any suit, motion, or other proceeding, pending in a County or Corporation court.” Any motion, or other proceeding, depending in the County court, in the case stated, shall be removed to the Circuit court; and when removed, the fourth section provides, “shall be proceeded in, heard and determined by the court to which it is removed, as if it had been brought and the previous proceedings had in said court.” The Circuit court is clothed with all the powers as to the case removed, which the statute vests in the County court, to enable it rightly to decide the case. Consequently, when the motion is removed to the Circuit court, it has full jurisdiction of the subject, and may hear and determine objections to the report of the commissioners, and for *441 good cause shown, may set it aside and appoint other commissioners; just as the County court could do. The jurisdiction of the County court is transferred to the Circuit court over the cause removed, and with it all incidental powers necessary and proper to the complete and full exercise of jurisdiction. And the statute makes . . . " , _ , it imperative upon the County court to remove the cause, in the case stated, on the motion of any party to the pi’oceeding; consequently, it is equally obligatory on the Circuit court to take jurisdiction, to proceed in, hear and determine it, as if it had been brought and the previous proceedings had in said’court.
We are of opinion, therefore, that the Circuit court of Washington, the cause having been removed to it from the County court, had jurisdiction of it, and was required by the statute to proceed in, hear and determine it, just as the County court should if the cause had not been removed. Consequently, the judgment of the Circuit court, that it had no jurisdiction of the cause, and remanding it to the County court, was erroneous.
We are also of opinion that it was competent for the defendant to rely upon the record of the proceedings of the County court, had upon its motion to ascertain the compensation to which David Campbell was entitled, &c., in its defence to the motion of said Campbell’s executor. But without deciding (which we are not authorized to do, as the cause is not before us,) whether that proceeding in the County court was final, or was still depending, and could be removed to the Circuit court by motion, we are of opinion that it was not competent for the Circuit court to decide any questions involved in that proceeding, as it was not before it by way of appeal or removal, and not then subject to its jurisdiction; and that, consequently, the judgment of said Circuit court is erroneous, so far as it sets aside the report of the commissioners in that proceeding, and directs other commissioners to be appointed.
*442 The court is further of opinion that the motion of the executor .of David Campbell, in the County court, to have commissioners appointed, was unwarranted by law. If it could be regarded as a motion made in the proceeding instituted in that court, for the same purpose, by the railroad company (and we think it cannot be so regarded), it ought not to have been entertained until the report of the former commissioners had been set aside for good cause shown. We do not mean to intimate an opinion that that could have been done, or that it could not have been done, for the reason before assigned. But we are of opinion that the motion of Campbell’s executor is an independent motion, not connected with the proceeding instituted by the railroad company; and that the statute does not give to the land owner the right, by motion, to ascertain his compensation for his lands through which the railroad passes, and have been taken by the railroad company, or to recover damages from the said company.
The court is, therefore, of opinion, for the foregoing reasons, that the judgment of the Circuit court be reversed.
It is, therefore, considered by the court that the said judgment of the said Circuit court be reversed and annulled ; and that the plaintiffs in error recover against the defendant in error their costs by them expended in the prosecution of their writ of supersedeas here: and this court proceeding to render such judgment as the said Circuit court ought to have rendered, it is considered that the motion of David Campbell’s executor be dismissed with costs.
Judgment reversed.